FERRY MARKET, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3671.   Decided October 21, 1926.

1. Distributive net earnings of a vessel jointly owned should be included in the gross income of the co-owners in proportion to their several undivided interests.

2. Deduction from gross income of amounts paid as bonus or extra compensation to employees allowed.

*J. S. Kehoe, C. P. A.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

The Commissioner asserts deficiencies in income and profits taxes for the years 1916, 1918 and 1919, in the respective amounts of $58.79, $262.55 and $160.31. Only the deficiencies for the years 1918 and

1919 are in controversy. The petitioner alleges that the Commissioner erred (1) in disallowing certain payments to employees, as bonuses or compensation in addition to regular salary, as deductions for ordinary and necessary expenses, and (2) in making certain additions to its gross income for the taxable years.

### FINDINGS OF FACT.

During the taxable years the petitioner owned an undivided 2/100ths interest in the steam schooner, *Claremont*, which was operated by the Hartwood Lumber Company as managing owner. The net income from the operation of this vessel for the year 1918 was $100,-279, and for the year 1919, $120,365.41. During the year 1919 the petitioner owned an undivided 2/100ths interest in the steam schooner *San Diego*. The net income from the operation of this vessel for the year 1919 was $117,530.30.

The petitioner's shares of the net earnings of the two vessels in each of which it owned an undivided 2/100ths interest were as follows:

|  | 1918. | 1919. |
|---|---|---|
| Claremont | $2,005.58 | $2,407.00 |
| San Diego | | 2,530.00 |

In distributing the net earnings of these vessels to the several co-owners, the managing owner retained certain amounts as reserves against the expenses of future operation. For the year 1918 the amount of the net earnings of the *Claremont* distributable to the petitioner but retained in reserve was $805.58; for 1919 the amounts of the net earnings of the *Claremont* and *San Diego* distributable to the petitioner and so retained were $907.31 and $850.61, respectively.

In making its income and profits-tax returns for the taxable years the petitioner included in its gross income only the parts of its shares of the distributive net earnings of the *Claremont* and *San Diego* which it received in cash. Upon audit of such returns the Commissioner added to gross income the amounts retained in reserve for each of the taxable years.

About Christmas time of each of the taxable years the petitioner made certain payments to or on account of its employees in the respective amounts of $165 and $140, as additional compensation to its employees.

### OPINION.

LANSDON: The petitioner contends that it should include in gross income for the taxable year only amounts of the distributive net earnings of the vessels of which it is one of several co-owners that it actually received. The Commissioner has held that the entire annual distributive earnings of such vessels should be included in

the gross income of the individual co-owners, even though a part of such earnings is retained by the managing owner as a reserve for use in future operations.

We are of the opinion that the managing owner of a vessel jointly owned by several co-owners is the agent of such co-owners and that net earnings received by him must be regarded as received by the several co-owners in the proportion of their interests in such vessel. While the co-ownership of a vessel does not constitute a partnership or a joint stock association, it does result in the creation of an operating entity that earns income by the use of capital. Such income is taxable.

We are of the opinion that the amounts of $165 and $140, respectively, were properly deductible as additional compensation. See *Appeal of Edwin C. Brandenburg*, 4 B. T. A. 108.

> *Judgment will be entered on 15 days' notice,*
> *under Rule 50.*